**Phillip P. SCHMIDT, Relator,**

v.

**MODERN METALS FOUNDRY, INC.
and Western National Mutual
Insurance Co., Respondents.**

**No. C1-91-293.**

Supreme Court of Minnesota.

May 10, 1991.

---

Raymond R. Peterson, Sieben, Grose, VonHoltum & McCoy, Ltd., Minneapolis, for appellant.

M. Chapin Hall, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for respondents.

KEITH, Chief Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's factual determination that audiology services were reasonably required to cure and relieve the injured worker from the effects of his work injury. We reverse and reinstate the decision of the compensation judge.

Phillip P. Schmidt sustained work-related burn injuries, including a slag burn to his left eardrum, when molten aluminum

splashed on various parts of his body. The employer and its workers' compensation insurance carrier paid the wage loss benefits and medical expenses which included surgical reconstruction of the left eardrum.[1] In July 1988, the employee was seen by his otolaryngologist for a follow-up examination. Included in the examination was a routine binaural hearing loss test. The charges for the office visit and hearing loss test amounted to $97, of which $64.50 represented charges for an audiogram and tympanometry. The employer and insurance carrier refused to pay more than one-half of the audiogram and tympanometry charges, claiming no obligation for testing of the right ear. A compensation judge from the Office of Administrative Hearings ordered the employer and its insurance carrier to pay the remaining $32.50; but the Workers' Compensation Court of Appeals reversed the order on appeal. We reverse and reinstate the decision of the compensation judge. The employee provided evidence the audiology services were necessary for the medical care of his injured left ear; and the record reflects the charges were reasonable. Minn.Stat. § 176.135, subd. 1(a) (1988); Minn. Rule 5221.2700, subp. 2 (1988).

Reversed and decision of compensation judge reinstated.

Employee is awarded $400 in attorney fees.

---

1. A dispute over permanent partial disability compensation was part of a prior proceeding.

*Schmidt v. Modern Metals Foundry, Inc.,* 424 N.W.2d 538 (Minn.1988).